UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**RICHARD McDOWELL,**

                        **Plaintiff,**

       -against-

**CITY OF NEW YORK, et al.,**

                        **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**10-CV-4145 (NG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is an application by plaintiff Richard McDowell ("plaintiff") to add one new defendant, Police Officer Jeremy Bloom, to this action. See Letter to the Court from Leo Glickman (May 27, 2011), ECF Docket Entry ("DE") #18. Plaintiff contends that it was not until late April of this year, when defendants responded to plaintiff's discovery demands, that plaintiff learned for the first time that Officer Bloom was not just a witness to the physical confrontation between plaintiff and police officers, but was physically involved in the incident. See id. at 1. Plaintiff further notes that the parties deferred depositions while they were engaged in settlement discussions this spring. Id. In fact, defendants moved for and were granted a 60-day extension of the fact discovery deadline on account of those settlement efforts and resulting delays. See Endorsed Order Granting Motion for Extension of Time to Complete Discovery (May 4, 2011), DE #17.

       Based on the Court's years of experience presiding over section 1983 cases, as well as the procedural posture of this case, the Court was somewhat surprised that defendants did not

consent to plaintiff's request.  Defendants contend that "prejudice is not the standard," Letter to the Court from Odile M. Farrell (June 1, 2011) at 2, DE #19, and that plaintiff must "demonstrate that the scheduling deadline could not be met despite the moving party's diligence."  Id. at 1.  Defendants rely on the Second Circuit's decision in Parker v. Columbia Pictures Industries, 204 F.3d 326, 339 (2d Cir. 2000), and its progeny.  However, as this Court observed in Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08-CV-5023 (CBA)(RLM), 2010 WL 1257803, at *11 (E.D.N.Y. March 26, 2010):  "Notwithstanding *Parker*, the Second Circuit has not abrogated the principle that delay alone, in the absence of bad faith or prejudice, is usually not sufficient reason for denying a motion to amend."

Defendants do not dispute that joinder of Officer Bloom is proper under Rule 20(a)(2) of the Federal Rules of Civil Procedure,[1] or that the parties informally suspended discovery to engage in settlement discussions.  Nor do defendants claim that they would be prejudiced by the joinder of Officer Bloom.  To the extent that the addition of Officer Bloom would necessitate a further extension of the fact discovery deadline – a remote possibility, given the fact that he will likely be represented by the same Assistant Corporation Cousel who has been defending this action – the Court is prepared to grant a timely request for a reasonable extension.

Under these circumstances, the Court exercises its discretion to permit the joinder of Officer Bloom.  See, e.g., Zomba Recording Corp. v. MP3.Com, Inc., No. 00 CIV.

---

[1] Defendants overlook the fact that plaintiff is not seeking to amend under Rule 15, but instead is seeking to add a new defendant under Rule 20(a)(2).

6831(JSR), 2001 WL 770926, at *1 (S.D.N.Y. July 10, 2001).

## CONCLUSION

For the foregoing reasons, plaintiff's application to add Officer Bloom as a defendant is hereby granted. The pleading adding the new defendant shall be filed by June 14, 2011.

**SO ORDERED.**

**Dated:** Brooklyn, New York
June 9, 2011

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**